IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
:
: CASE NO. 5:04 CV 0443
UNITED STATES OF AMERICA, :
                Petitioner :
:
        -vs- : <u>MEMORANDUM OF OPINION AND</u>
: <u>ORDER DENYING DEFENDANT'S</u>
: <u>MOTION FOR CREDIT FOR TIME</u>
: <u>SERVED</u>
RUSSELL L. HEATH :
                Respondents.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the court is defendant Rusell Heath's Motion for Credit for Time Served on his federal conviction for unarmed bank robbery. (Doc. 27). Mr Heath specifically seeks credit against his federal sentence for time served in state custody on separate state offenses. The government has filed a response in opposition. (Doc. 28). For the reasons discussed below the motion will be denied.

## Background

In a one-count Indictment filed on 25 August 2004, Mr. Heath was charged with unarmed bank robbery, in violation of 18 U.S.C. 2113(a). (Doc. 1). Mr. Heath had been detained on a criminal complaint from 11 August 2004 until the day he pled guilty to the federal Indictment, on 25 October 2004. On that day Mr. Heath was released on unsecured bond. Sometime between 25 October 2004 and 24 January 2005, Mr. Heath

was arrested and placed in custody for a state robbery and weapons offense.  On 25 January 2005, the United States obtained a Writ of Habeas Corpus ad Prosequendum to borrow Mr. Heath from state custody for purposes of sentencing him on his federal conviction.  On 8 February 2005, this Court sentenced Mr. Heath to 36 months custody to be followed by two years supervised release.  During this entire time, but for the borrowing Writ, Mr. Heath remained a state prisoner facing conviction on the state robbery and weapons charges.  Following Mr. Heath's sentencing on his federal conviction he was returned to state custody where he pleaded guilty on 10 March 2005 to the state charges of robbery with a firearms specification.  On the state charges, Mr Heath was sentenced to two years for the robbery and an additional three years for the firearm.  As he was in state custody, Mr. Heath's state sentence began to run immediately while his federal sentence awaited as a detainer.

## Law and Analysis

Mr. Heath asserts he is entitled to credit against his federal sentence for time he spent in state custody on separate state charges.  Mr. Heath does not support his contentions through law or statute, however, 18 U.S.C. § 3585 governs the commencement and calculation of the term of a federal sentence.  Specifically, §3585 directs as follows:

> (a) Commencement of Sentence – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

18 U.S.C. § 3585(b).

The Attorney General, through the BOP, calculates any sentence credits to which a federal defendant may be entitled for pre-sentence time spent in official detention. United States v. Wilson, 503 U.S. 329, 334-37 (1992); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve.  Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Wilson, 503 U.S. at 335; United States v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001) ("Power to grant credit for time served lies solely with Attorney General and Bureau of Prisons"); 18 U.S.C.A. § 3585(b).

The record before the Court indicates that Mr. Heath's remained in state custody and was sentenced on separate state charges after he was "borrowed" by Writ and sentenced on his federal conviction.  Mr. Heath's state charges were credited against his state sentence and he cannot receive double credit, i.e. credit against his federal conviction for time served on state charges already applied to his state sentence.  See

3

Wilson, 503 U.S. at 337 (defendant cannot receive "a double credit for his detention time.").

To the extent that Mr. Heath is seeking to modify his federal sentence, this court lacks the power to so act in the absence of a mandate issued from the court of appeals, or an application of 18 U.S.C. 3582(c), or Fed R. Crim P. 35.  See United States v. Martin, 913 F.2d 1172, 1175 (6th Cir. 1990) (following United States v. Minor, 846 F.2d 1184, 1187 (9th Cir. 1988)).  A review of the record indicates that none of the circumstance set forth in 18 U.S.C. § 3582(c) or Rule 35 have application to the matter at hand.  Further, no mandate has issued from the court of appeals.

Accordingly, the Court denies Mr. Heath's Motion for Credit for Time Served (Doc. 27), and declares moot his Motion for Oral Hearing (Doc. 29).

IT IS SO ORDERED.

   /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 5 January 2011